■ DANIEL M. TAUB, Respondent, v FRANKLIN P. TAUB, Appellant. [724 NYS2d 907] —In an action pursuant to CPLR article 53 to recognize and enforce a foreign country money judgment brought by motion for summary judgment in lieu of complaint, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Sherwood, J.), dated July 11, 2000, which granted the motion, and (2) a judgment of the same court, dated August 25, 2000, which is in favor of the plaintiff and against it in the principal sum of $12,601.16. The defendant's notice of appeal from the order is also deemed to be a notice of appeal from the judgment (*see,* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further;

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court properly granted the plaintiff's motion for summary judgment in lieu of complaint based upon the judgment that was entered against the decedent upon his default in answering a complaint in England (*see,* CPLR 5303). The decedent had sufficient "minimum contacts" with that country to authorize the exercise of personal jurisdiction (*see, International Shoe Co. v Washington,* 326 US 310), and none of the mandatory or discretionary grounds for denying recogni-

tion of a judgment of a foreign country is applicable (*see,* CPLR 5304). Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.